# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | |
|---|---|
| AMLIN UNDERWRITING, LTD., | ) |
| Plaintiff, | ) CIV. NO.: 2009/21 |
| v. | ) |
| | ) **ACTION FOR DECLARATORY** |
| CARIBBEAN AUTO MART OF ST. CROIX, | ) **JUDGMENT** |
| INC., and CHRYSLER DODGE JEEP OF | ) |
| ST. CROIX, LTD. | ) |
| Defendants. | ) |

## **MEMORANDUM OPINION**

Finch, Judge

THIS MATTER is before the Court on the motion of defendant Chrysler Dodge Jeep of St. Croix, Ltd. ("CDJ") to dismiss the plaintiff Amlin Underwriting Ltd.'s ("Amlin") action for declaratory judgment. Amlin opposes the motion and seeks to file a sur reply. CDJ also seeks to file a sur reply to Amlin's proposed sur-reply. For the reasons stated below, the Court will grant Amlin's motion to file a sur reply and deny CDJ's motion to file a sur reply. The Court will also deny CDJ's motion dismiss.

### I.     Background[1]

Plaintiff Amlin provided commercial garage insurance to defendants Caribbean Auto-mart ("CAM") and CDJ from October 2, 2004 to October 2, 2007. While covered by Amlin, defendants were sued by Ronald Rodriguez in the Superior Court of the Virgin Islands, in St. Croix. Rodriguez brought claims for misrepresentation, breach of contract, and negligent and/or

---

[1] The following facts, assumed true for purposes of this motion to dismiss, are taken from Amlin's complaint.

intentional infliction of emotional distress arising out of defendants' alleged failure or delay in properly repairing Rodriguez's automobile.

In response to the lawsuit, the defendants made a claim for defense and indemnity to Amlin. Amlin undertook the defense of CAM and CDJ under a reservation of rights, advising defendants that no coverage for the claims of Ronald Rodriguez is provided by the policies under which defendants are insured. On May 7, 2009, Amlin brought this action for declaratory judgment in order to establish whether it is obliged to defend CAM and CDJ in the Rodriguez lawsuit.

On September 29, 2009, CDJ filed the instant motion to dismiss. In the motion, CDJ argues that Amlin was estopped from denying coverage because it had failed to give notice of its reservation of rights to CDJ. Specifically, CDJ asserts that Amlin failed to include CDJ in letters addressed to co-defendant CAM on July 9, 2007 and April 29, 2009, in which Amlin stated that it reserved its rights to assert or deny coverage regarding the Rodriguez matter. Thus, CDJ concludes, Amlin did not provide CDJ with timely notice.

Amlin filed an opposition arguing for denial of the motion on the ground that it should be converted to a motion for summary judgment because CDJ has relied on documents outside of the pleadings. Amlin also argues that it did provide timely notice to CDJ regarding its reservation of rights when it informed its "sister corporation" CAM of its reservation of rights in July 9, 2007. Finally, Amlin contends that in determining whether a notice of reservation of rights is untimely, the court should consider whether any actual prejudice to the insured occurred, rather than simply the passage of time.

In CDJ's reply, it asserts that the complaint itself was insufficient because Amlin had not indicated in the complaint that it had reserved its rights to deny coverage of a claim against CDJ.

Amlin, seeking to respond to this new line of attack, sought permission to file a sur reply. CDJ countered with its own attempt to file a sur reply. Those motions have not yet been ruled on.

## II. Discussion

### A. Sur Reply

Pursuant to Rule 7.1(a) of the Local Rules of Civil Procedure, "only a motion, a response in opposition, and a reply may be served on counsel and filed with the Court; further response or reply may be made only by leave of Court before filing." It is appropriate to grant a sur-reply to allow the non-moving party the opportunity to respond to arguments raised for the first time in the movant's reply. *Carlins v. Board of Directors of Gallows Point Condominium Corp.*, 2004 WL 3222762, at *2 (D.V.I. Nov. 29, 2004). In this case, CDJ initially argued that Amlin's complaint should be dismissed because Amlin failed to provide timely notice that it was reserving its rights in covering the defense of CDJ. However, in its reply, CDJ changed course and argued that the complaint is deficient because Amlin did not plead that it communicated its reservation of rights to CDJ. The Court concludes that because CDJ raised a new argument in its reply, Amlin is entitled to file a sur-reply.

CDJ also requests permission to file a sur reply, arguing that Amlin has raised a new argument in its proposed sur-reply, namely the argument that it did communicate its right to deny coverage. This reasoning defies logic, as CDJ raised the issue itself for the first time in its reply. CDJ's argument is without merit, and its motion to file a sur-reply will be denied.

### B. Standard of Review

A motion to dismiss, pursuant to Rule 12(b)(6), is directed towards the legal sufficiency of the complaint. *In re Hydrogen Peroxide Antitrust Litigation*, 552 F.3d 305, 316 n.5 (3d Cir.

2008) (citations omitted ). For that reason, the court accepts a complaint's factual allegation as true when ruling on a motion to dismiss. *Id*. In order to survive a motion to dismiss, the complaint need only provide sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. However, a plaintiff is obliged to provide to provide "more than . . . a formulaic recitation of a cause of action's elements." *Twombly*, 550 U.S. at 545.

The Court first considers Amlin's argument that this motion to dismiss should be converted to a motion for summary judgment. Rule 12(d) provides that "if, on a motion under rule 12(b)(6) . . . matters outside the pleading are presented and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12 (d). In this case, both parties have made arguments based on matters outside the pleading. Both parties argue about whether or not the notice provided was effective and timely, and rely on documents not attached to the pleadings such as correspondence between Amlin and CAM, as well as documentation of the Rodriguez litigation. However, neither of the parties has submitted documents in support of those arguments. Therefore, the Court declines to consider those arguments at this time and the need for a conversion is obviated.

**C. Timely Notice**

When an insurer is asked to defend an action against a policy-holder and the insurer believes that the claim is not covered under the policy, it may: "(1) seek a declaratory judgment that it owes no duty to defend the insured, (2) defend the insured under a reservation of rights, or (3) refuse to either defend or seek a declaratory judgment action at its own peril that it might

later be found to have breached the duty to defend." *General Star Indem. Co. v. Virgin Islands Port Authority*, 564 F. Supp. 2d 473, 479 (D.V.I. 2008) (citing *Erie Ins. Exchange v. V.I. Enters., Inc.*, 264 F. Supp. 2d 261, 263-64 (D.V.I. 2003)). An insurer who "assumes and conducts the defense of an action brought against the insured with knowledge of facts taking the accident or injury outside the coverage of the policy, and without disclaiming liability or giving notice of a reservation of its right to deny coverage" is thereafter precluded from asserting the defense of noncoverage. *Devcon Intern. Corp. v. Reliance Ins. Co.*, 2007 WL 3124767, at *5 (D.V.I. Oct. 23, 2007) (quoting *Anderson v. Nat'l Chiropractic Mut. Ins. Co.*, 38 V.I. 47, 53 (Terr. Ct. 1997)). However, as a general rule, an insurer "will not be prevented from denying coverage where it provides timely notice to the insured that it assumes the defense of a claim under a reservation of rights." *Id.* To determine timeliness, the court "looks first to the earliest moment that the insurer should have become aware of the substantial possibility of conflict between its own interests and those of the insured, and then measures the time elapsing between that time and the time of notification." *Id.*

Defendant initially attacked the complaint on the ground that Plaintiff failed to provide timely notice regarding its reservation of rights. However, such an argument does not properly address the sufficiency of complaint but rather serves as an estoppel defense or counterclaim to the insurer's claim of non-coverage. *See, e.g.*, *Devcon*, 2007 WL 3124767, at *6 ("Equitable estoppel is an affirmative defense which operates to prohibit a party from subjecting another party to loss or injury when the other party has been led by the first party to do something which it otherwise would not have done"); *Osteotech, Inc. v. Regeneration Technologies, Inc.*, 2008 WL 2036795, at *1 n.2 (D.N.J. May 9, 2008) ("fact sensitive defenses such as . . . equitable

estoppel [are] more appropriately . . . the subject of a motion for summary judgment").[2] The Court concludes that whether or not Plaintiff provided timely notice is a question of fact that is not properly before the Court on this motion.

In CDJ's reply, it raises the argument that the complaint is deficient because it fails to allege that the Plaintiff notified CDJ of its intent to reserve its rights. The Court finds that argument to be without merit. In paragraph 9 of the complaint, Amlin alleges that

> [i]n the Rodriguez case, Plaintiff has undertaken defense of the Defendants, under a reservation of rights. In that case, **Plaintiff has taken the position and has advised Defendants that no coverage for the claims of Ronald Rodriguez is provided by the policies** described in Paragraph 3 of this complaint.

(Compl. ¶ 9) (bolding added.)

As CDJ is a named defendant in this action, the Court concludes that Plaintiff has alleged notification to CDJ. Accordingly, the Court declines to dismiss the complaint for a failure to plead notification.

### III. Conclusion

The Court finds that CDJ's motion does not attack the sufficiency of the complaint but instead, relying on matters outside the pleadings, argues that Plaintiff is estopped from denying coverage for failure to provide timely notice to CDJ. However, timeliness is a question of fact to be determined on a record more developed than the one currently before the Court. Consequently, it is not a basis for dismissal of Amlin's complaint. In addition, CDJ's argument, advanced in its reply, that Amlin failed to allege notification is erroneous for the simple reason that Amlin stated in its pleading that it notified defendants. Thus, the Court also declines to

---

[2] The Court notes that in *Anderson*, whose holding CDJ relies on, the court applied the doctrine of estoppel against an insurer when ruling on the plaintiff's motion for summary judgment. *Anderson*, 38 V.I. at 53.

dismiss the complaint on this basis. An appropriate Order accompanies this memorandum opinion.

**Enter**:

**DATED:** September 28, 2010

_____/s/_____
RAYMOND L. FINCH
U.S. DISTRICT JUDGE